UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

**ROSALIE JORDAN**                                          **CIVIL ACTION NO.**_____

**VERSUS**                                                  **JUDGE:**_____

**ACADEMY, LTD.**                                           **MAGISTRATE:**_____

## COMPLAINT FOR DAMAGES

**NOW INTO COURT**, through undersigned counsel, comes plaintiff **ROSALIE JORDAN**, a citizen of the United States of the full age of majority domiciled and residing in Hancock County, State of Mississippi, and for her complaint in this civil action for damages against the defendant, respectfully represents to this Honorable Court as follows:

## PARTIES, JURISDICTION, & VENUE

I.

Jurisdiction for these claims before this Honorable Court is based upon 28 U.S.C. § 1332.

II.

The venue for these claims is proper in accordance with Title 28 U.S.C. § 1391(b)(2).

III.

Made defendant herein is **ACADEMY, LTD.**, doing business as Academy Sports and Outdoors, upon information and belief, a Texas corporation authorized to do and doing business in the State of Louisiana.

## FACTUAL ALLEGATIONS

IV.

On or about November 18, 2017, plaintiff, **ROSALIE JORDAN**, a patron and business

invitee at the Academy Sports and Outdoors store number 50 located at 61107 Airport Road in Slidell, Louisiana, was walking along the sidewalk in front of the store when she tripped on a cable, which was similar in color to the concrete surface, and fell to the ground sustaining injuries to her left knee, elbow, and hip.  The cable petitioner tripped over was used to tie bicycles together in front of the Academy store and was left lying on the sidewalk in front of the store.

V.

The bike cable encountered by plaintiff, **ROSALIE JORDAN**, amounts to an unreasonably dangerous condition which was created by, and known to and existed upon the premises owned and/or operated by defendant, **ACADEMY, LTD**, thus rendering this defendant liable to Petitioner for all damages complained of herein.  This defendant knew, or in the exercise of reasonable care, should have known of the existence of this unreasonably dangerous condition and failed to warn plaintiff of said condition.  This defendant, through its mangers and/or employees, actually created the dangerous condition by placing the cable across the crosswalk.

VI.

A manager and/or employee of the Academy store at issue in this lawsuit, acting within the course and scope of their employment, placed or directed the placement of the cable in question and created the dangerous condition encountered by plaintiff herein.

VII.

At the relevant times herein, a manager and/or employee of the Academy store at issue was aware or should have been aware of the bike cable lying across the sidewalk in front of the store.

VIII.

**ACADEMY, LTD**'s managers and/or employees were responsible for correcting unsafe and hazardous conditions and warning patrons of any such dangerous condition, including that

encountered by plaintiff herein.

IX.

Upon information and belief, the failure of **ACADEMY, LTD**'s managers and/or employees to properly correct and protect Petitioner from the unsafe condition that led to the subject accident is a direct cause of said accident.

X.

Defendant, **ACADEMY, LTD,** by and through the acts and/or omissions of its managers and/or employees acting within the course and scope of their employment, is liable for all damages sustained by Petitioner under the following non-exclusive legal causes of action:

a. Failure to maintain a reasonably safe premises for its patrons;

b. Failure to provide immediate assistance to plaintiff;

c. Failure to train its managers and/or employees;

d. Failure to warn its patrons;

e. Reckless endangerment;

f. Reckless indifference;

g. Failing to correct a dangerous condition that defendant knew of;

h. Placing a cable, colored the same as the concrete/cement, in the walkway in a dangerous manner; and,

i. Such other acts of fault and/or negligence as may be shown at the trial of this matter.

XI.

As a result of the incident sued on herein, plaintiff, **ROSALIE JORDAN**, suffered severe and permanent injuries, including but not limited to her knees, elbow and hip, which injuries have caused and will cause plaintiff residual disability, disfigurement and scarring, surgeries, past and

future pain and suffering, past and future mental anguish and distress, past and future loss of enjoyment of life, past and future medical expenses, and loss of past and future earnings or income earning capacity.

XII.

Plaintiff accordingly avers entitlement to recover from defendant, damages as may be reasonable in the premises, in accordance with the law and the evidence.

**WHEREFORE**, plaintiff prays that after due proceedings are had, there be judgment in favor of plaintiff, **ROSALIE JORDAN**, and against defendant, **ACADEMY, LTD** for all compensatory damages supported by the law and the evidence, granting plaintiffs legal interest on all sums awarded from date of judicial demand until paid and casting defendant with all costs of these proceedings including legal interest thereon.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, plaintiff demands a trial by jury in this action of all issues so triable.

Respectfully submitted:

**SAUNDERS & CHABERT**

*/s/ SCOTTY E. CHABERT, JR.*
HENRI M. SAUNDERS, LSBA No. 25236
SCOTTY E. CHABERT, JR. LSBA No. 30434
CHEYENNE MOELLER, LSBA No. 35253
6525 Perkins Road
Baton Rouge, LA 70808
Telephone: (225) 771-8100
Facsimile: (225) 771-8101
schabert@saunderschabert.com
*Attorneys for Plaintiff*